UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

Frankenmuth Credit Union.

    Plaintiff,                                       Case No. 18-12176

v.                                                   Honorable Thomas L. Ludington
                                                    Magistrate Judge Patricia T. Morris

Randall Anderson, et al.,

    Defendants.

_____/

## ORDER DENYING MOTION FOR ALTERNATIVE SERVICE AND SECOND SUMMONS WITHOUT PREJUDICE

This case was removed from the Circuit Court for Saginaw County on July 12, 2018. ECF No. 1. The complaint arises out of several auto loans allegedly obtained by fraudulent or other improper means, and the alleged non-payment thereof. The complaint names the individual debtors on these loans as well as the retailers, Jones Pre-Owned Auto Sales, LLC, and Xclusive Auto Group LLC. Plaintiff Frankenmuth Credit Union, the lender, asserts multiple claims for relief including: 1) Fraudulent Misrepresentation, 2) Innocent Misrepresentation, 3) Breach of Contract, 4) Silent Fraud, 5) Civil Conspiracy, and 6) Violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962. ECF No. 1-2. Several Defendants have been served and answered the complaint. ECF Nos. 3.

With respect to the remaining Defendants, Plaintiff moves for alternative service and for a second summons, pursuant to Federal Rule of Civil Procedure 4(e)(1) and 4(m), and Michigan Court Rule 2.105(I). Mot, ECF No. 7. Plaintiff indicates that its process server has unsuccessfully attempted to effectuate personal service on Defendants Randall Anderson, Rashaud L. Coleman, Mark V. Ingram, Charles R. Fitzgerald, Nicholas Austin Walker, and

Laron Thornton. Plaintiff also attached the verifications of the process server detailing the efforts to serve Defendants. Accordingly, Plaintiff asks the Court to permit alternate service via first class mail.

Pursuant to rule 4(e)(1) an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Michigan Court Rule 2.105(A) provides that process may be served on a resident or nonresident individual by "1) delivering a summons and a copy of the complaint to the defendant personally; or 2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee . . ."

Plaintiff has been unable to effectuate personal service under 2.105(A)(1), and therefore moves directly to 2.105(I), which provides that "on a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Plaintiff appears to have skipped over 2.105(A)(2), however, which provides for service by certified mail. Thus, Plaintiff has not yet shown under 2.105(I) that service "cannot reasonably be made as provided by this rule" considering that they have only attempted one of the two avenues provided by 2.105(A).

Rule 4(m) provides that, for good cause, the court must extend the time for service beyond the 90 days provided by the initial summons. Fed. R. Civ. P. 4(m). This request is premature as well. The summons expires on September 19, 2018, which still leaves Plaintiff 24 days to attempt to accomplish service via certified mail. If Plaintiff is unsuccessful, Plaintiff may refile its motion detailing the latest efforts to effectuate service.

Accordingly, it is **ORDERED** that the motion, ECF No. 7, is **DENIED** without prejudice.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: August 24, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 24, 2018.

s/Kelly Winslow  
KELLY WINSLOW, Case Manager