UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRANKENMUTH CREDIT UNION,

    Plaintiff,                                     Case No. 18-12176

v.                                               Honorable Thomas L. Ludington

CHARLES R. FITZGERALD, et al.,

    Defendant.
_____/

**<u>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, GRANTING DEFENDANT CHARLES FITZGERALD'S MOTION TO SET ASIDE DEFAULT, VACATING CLERK'S ENTRY OF DEFAULT AS TO CHARLES FITZGERALD, AND SETTING DEADLINE FOR CHARLES FITZGERALD TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT</u>**

       This case was removed from the Circuit Court for Saginaw County on July 12, 2018. ECF No. 1. The complaint arises out of several auto loans allegedly obtained by fraudulent or other improper means, and the alleged non-payment thereof. The complaint names the individual borrower on these loans as well as the retailers, Jones Pre-Owned Auto Sales, LLC, Xclusive Auto Group LLC, and their agents Vernell and Nicole Phipps.

       The complaint asserts claims for fraudulent misrepresentation, silent fraud, breach of contract, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). Specifically, the complaint alleges (among other things): 1) that Defendants intentionally made false representations of material facts to Plaintiff regarding the condition of the vehicles they sold; 2) that Defendants intentionally sold those vehicles at prices that grossly exceeded their value; and 3) that Plaintiff relied on those false representations to their detriment when Plaintiff agreed to finance the purchase of these vehicles from Jones Pre-Owned Auto. *Id.* ¶¶ 77, 78, 82.

Defendants Jones Pre-Owned Auto, Vernell Phipps, and Nicole Phipps answered the complaint and filed crossclaims against the remaining Defendants. ECF No. 3. Plaintiff moved for alternative service as to Defendants Coleman, Anderson, Ingram, Fitzgerald, Walker, Thornton, and Xclusive Auto Group, LLC, after Plaintiff's initial efforts at personal service were unsuccessful. The Court granted the motion. ECF No. 12. Plaintiff effectuated alternative service and filed certificates of service. ECF Nos. 19-23. After they did not answer the complaint, the Clerk entered default against Defendants Coleman, Anderson, Ingram, Fitzgerald, Walker, Thornton, and Xclusive Auto Group, LLC on Plaintiff's complaint and on the cross claims of Defendants Jones Pre-Owned Auto, Vernell Phipps, and Nicole Phipps. ECF Nos. 25, 27, 29, 38, 41–45, 52–56.

On June 12, 2019, Plaintiff requested the Clerk's Entry of Default Judgment, which the Clerk denied the same day explaining that the request sought attorney fees which is not a sum certain.[1] ECF Nos. 65–78. On June 13, 2019, Plaintiff moved for entry of default judgment by the Court (on its RICO claim only) against the defaulting Defendants for the sum of $303,204.75. Plaintiff reached this figure by taking the amount still owed (they have allegedly recovered all but $96,329.89 of the original $232,419.63 owed), tripling it pursuant to RICO's treble damages provision, and then adding costs of $1,628.08 and attorneys' fees of $12,590.00. Plaintiff's moves for default judgment solely on the RICO claim.

On June 13, 2019 Defendant Fitzgerald moved the court to set aside the entry of default against him, explaining that he never received the complaint by personal service, mail, posting, or otherwise. Plaintiff did not respond to Defendant Fitzgerald's motion to set aside default, nor

---

[1] After default has been entered, Rule 55(b)(1) permits a party to obtain default judgment from the Clerk only if the claim is for a sum certain. Otherwise, the party must request default judgment from the court.

did Defendants Jones Pre-Owned Auto, Vernell Phipps, or Nicole Phipps (as to the entry of default on their cross-claim). Defendant Fitzgerald's motion will be granted as unopposed.

I.

Plaintiff moves the court to enter a default judgment on the RICO claim against the defaulted Defendants pursuant to Fed. R. Civ. P. Rule 55(a)(2). Before a default judgment may be entered, a party first must obtain a default. Fed. R. Civ. P. 55(a). "Once a default is entered, the defendants are considered to have admitted the well pleaded allegations in the complaint, including jurisdiction." *Ford Motor Company v. Cross*, 441 F.Supp.2d 837, 845 (E. D. Mich. 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)) (emphasis added). Here, Plaintiff properly obtained a default against several Defendants.

Federal Rule of Civil Procedure 55(b)(2) provides that upon application of the party, the court may enter a default judgment. A plaintiff seeking a default judgment from the court is "not entitled to a default judgment as of right" and a judge is "required to exercise sound judicial discretion" in deciding if default judgment is proper. 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2685 (4d ed.). Rule 55(b)(2) further provides that a court "may conduct hearings . . . to determine the [applicable] amount of damages" or "establish the truth of any allegation by evidence."

While the well-pleaded factual allegations in the complaint are taken as true when a defendant is in default, damages are not. *Ford Motor Company*, 441 F.Supp.2d at 848 (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). "Ordinarily, the District Court must hold an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages]." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal quotation

and citation omitted). However, Rule 55 gives the court the discretion to determine whether an evidentiary hearing is necessary, or whether to rely on detailed affidavits or documentary evidence to determine damages. *Stephenson v. El Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008); Federal Rules of Civil Procedure, Rules and Commentary Rule 55.

Moreover, there are additional requirements to consider in cases where some defendants, but not all defendants, have defaulted. In the seminal case *Frow v. De La Vega*, 82 U.S. 552 (1872), the United States Supreme Court held that in cases involving joint liability it is improper to enter a default judgment against some defendants when other defendants are still contesting the case on the merits. *Frow* does not preclude a plaintiff from seeking default judgment from defaulted defendants when a judgment has been awarded against the non-defaulting defendants. *Id*.

## II.

Here, Plaintiff alleges that the Defendants, defaulted and non-defaulted, worked in concert to conspire against Plaintiff to commit RICO predicate acts, namely fraud by mail and/or wire (including submitting false pay stubs to obtain credit, and representing that the vehicles were in saleable condition). Plaintiff's motion for default judgment seeks judgment solely on the RICO claim, requesting the following:

> Plaintiff respectfully requests this Court enter a Judgment in its favor and against Defendants Laron Thornton, Randall Anderson, Rashaud L. Coleman, Mark Ingram, Charles R. Fitzgerald, Nicholas Austin Walker, and Xclusive Auto Group, LLC for compensatory damages, together with treble damages, in the amount of $288,986.66, costs through November 1, 2018 in the amount of $1,628.08, and attorneys' fees through November 1, 2018 in the amount of $12,590.00 pursuant to 18 USC § 1964(c), for a total Judgment Amount of $303,204.75.

Mot. at 5-6.

Although Plaintiff does not specifically request a judgment of "joint" liability, there is no other way to interpret a request for a judgment of one sum recoverable against all defendants. Where a Plaintiff seeks a judgment of joint liability, "judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *Nielson v. Chang,* 253 F.3d 520, 531–32 (9th Cir.2001) (summarizing holding of *Frow,* 82 U.S. at 554); *see also Varilease Fin., Inc. v. EarthColor, Inc.*, 2019 WL 1254035, at *3 (E.D. Mich. Mar. 19, 2019).[2] Because not all Defendants have defaulted, "in order to avoid inconsistent judgments, the proper procedure is to enter default, but not to enter judgment in favor of the plaintiff against the defaulter unless the plaintiff prevails against the appearing defendants." *Home Ins. Co. of Illinois v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir.1998). The motion for default judgment will be denied as to the RICO claim against the defaulted Defendants. This denial is without prejudice to Plaintiff's right to move for default judgment on the RICO claim if and when Plaintiff prevails against the non-defaulted Defendants.

It is also without prejudice to Plaintiff's right to move for default judgment on the remaining claims, provided the motion seeks individualized damages from the defaulted Defendants and is supported by detailed affidavits and/or documentary evidence substantiating those damages. With respect to breach of contract, for example, the instant motion would be insufficient. It identifies a single sum based on all of the defaulted Defendants' outstanding loan balances, as opposed to attributing the amount owed on each loan (less the amount obtained through mitigation efforts) to each individual Defendant. Additionally, because Plaintiff has not

---

[2] Rule 54(b) also supports this conclusion: "When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if* the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P 54(b). Here, the Court cannot expressly find that there is no just reason for delay.

opposed Defendant Fitzgerald's motion to set aside default, the portion attributable to his loan would have to be deducted. Finally, Plaintiff did not attach detailed affidavits or documentary evidence to the motion substantiating the amounts allegedly owed or the amount of its attorney's fees.

**III**.

Accordingly, it is **ORDERED** that Plaintiff's motion for default judgment, ECF No. 79, is **DENIED** without prejudice.

It is further **ORDERED** that Defendant Fitzgerald's motion to set aside entry of default, ECF No. 82, is **GRANTED** as unopposed.

It is further **ORDERED** that the clerk's entry of Default as to Charles' Fitzgerald, ECF No. 38, 54, is **VACATED**.

It is further **ORDERED** that Defendant Fitzgerald is **DIRECTED** to file a response by August 30, 2019 to Plaintiff's Complaint, ECF No. 1.

                                                               s/Thomas L. Ludington
                                                               THOMAS L. LUDINGTON
                                                               United States District Judge

Dated: July 30, 2019

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Charles R Fitzgerald,** 313 West Austin Ave., Flint, MI 48505; **Vernell Phipps** 3623 Dixie Hwy, Saginaw, MI 48601; **Nicole Phipps,** 3623 Dixie Hwy Saginaw, MI 48601 and **Jones Pre-Owned Auto Sales, LLC** 3623 Dixie Hwy, Saginaw, MI 48601 by first class U.S. mail on July 30, 2019.

                                      s/Kelly Winslow_____
                                       KELLY WINSLOW, Case Manager