UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRANKENMUTH CREDIT UNION,
          Plaintiff,

                                        Case No. 18-12176
                                        Honorable Thomas L. Ludington
v.

CHARLES FITZGERALD, et al.,
          Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS JONES PRE-OWNED AUTO SALES, LLC, VERNELL PHIPPS, AND NICOLE PHIPPS AS UNOPPOSED**

In June 2018, Plaintiff, Frankenmuth Credit Union, "Frankenmuth" filed a complaint alleging fraudulent misrepresentation, innocent misrepresentation, breach of contract, silent fraud, civil conspiracy, and RICO against Defendants, Randall Anderson, Rashaud Coleman, Mark Ingram, Charles Fitzgerald, Nicholas Austin Walker, Laron Thronton, Xclusive Auto Group, LLC, Jones Pre-Owned Auto Sales, LLC, Vernell Phipps, and Nicole Phipps. ECF No. 1-2 at PageID.7, 15-25; ECF No. 1-4 at PageID.31. Frankenmuth explains that "Defendant Jones Pre-Owned and Plaintiff entered into a Retailer Direct Operational Agreement wherein customers of Defendant Jones Pre-Owned could finance motor vehicle purchases with Plaintiff under the terms of a loan agreement." EC No. 1-2 at PageID.9. The case was removed on July 12, 2018. ECF No. 1.

The Defendants are comprised of three groups – the "Borrower Defendants," Randall Anderson, Rashaud Coleman, Mark Ingram, Charles Fitzgerald, and Nicholas Austin Walker, the "Wholesale Defendants" – Laron Thronton and Xclusive Auto Group (Laron Thronton is an agent of Xclusive), and the "Retail Defendants" – Nicole Phipps, Vernell Phipps, and Jones Pre-Owned Auto Sales, LLC, which is owned by Nicole Phipps. ECF No. 3 at PageID.46-47.

**I.**

In its complaint, Frankenmuth alleged multiple counts against the three Retail Defendants: Count IV – fraudulent misrepresentation, Count V – silent fraud, Count VI – breach of contract, Count VIII – civil conspiracy, and count IX – RICO. ECF No. 1. Frankenmuth also alleged Count VII – fraudulent misrepresentation against Vernell Phipps. ECF No. 1. ECF No. 93. On November 27, 2019 Frankenmuth filed a motion for partial summary judgment against the Retail Defendants regarding Count IV of the Complaint. ECF No. 97.

**II.**

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

**III.**

There are six elements a plaintiff must establish to prevail on a Michigan fraudulent misrepresentation claim, "1. The defendant made a material misrepresentation. 2. The representation was false. 3. When the defendant made the representation, it knew that it was false, or the defendant made the representation recklessly, without any knowledge of its truth, and as a

positive assertion. 4. The defendant made the representation with the intention that it should be acted on by the plaintiff. 5. The plaintiff acted in reliance on the representation. 6. The plaintiff suffered injury due to his reliance on the representation." *Hord v. Envtl. Research Inst. of Mich.*, 617 N.W.2d 543, 546 (Mich. 2000).

In this case, Plaintiff argues Defendants' material misrepresentation occurred at the time they represented the quality of the vehicles sold were functional when they had no knowledge regarding the condition of the vehicles, and in fact, at least three vehicles were not drivable. ECF No. 1-2 at PageID.9-15. This meets the first two prongs of the test. For the third prong, Plaintiff argues that Defendants acknowledged in their cross-claim that they "never physically took possession of the motor vehicles" and "had no first hand knowledge of the condition of the vehicles being financed." ECF No. 3 at PageID.48-49. Therefore, Defendants admit they made a positive assertion on the condition of vehicles without any knowledge of the truth of the statement. This was reckless behavior and could have been resolved if Defendants conducted even a cursory examination of the vehicles. The fourth factor is met because the purpose of Defendants behavior was to obtain a loan for the buyer from Frankenmuth Credit Union. Defendants admit in their cross-claim that "Jones [Pre-Owned], through Vernell Phipps, agreed to arrange the financing of motor vehicle[s] sold to [Borrower] Defendants." ECF No. 3 at PageID.47. The fifth factor is met because all five borrowers obtained financing through Frankenmuth. ECF No. 3 at PageID.46-49. The sixth factor is met because, as described in Frankenmuth's complaint, it suffered financial harm. When the borrowers defaulted on their loans, Frankenmuth discovered the values of the vehicles were not commensurate with the condition of the vehicles that Defendants provided in the original loan application. ECF No. 1-2 at PageID.10-15. Plaintiff has successfully alleged there is no genuine issue of material fact regarding Count IV of the complaint.