UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRANKENMUTH CREDIT UNION,
          Plaintiff,

                                      Case No. 18-12176
                                      Honorable Thomas L. Ludington

v.

CHARLES FITZGERALD, et al.,
          Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

In June 2018, Plaintiff, Frankenmuth Credit Union, "Frankenmuth" filed a complaint alleging fraudulent misrepresentation, innocent misrepresentation, breach of contract, silent fraud, civil conspiracy, and RICO against Defendants, Randall Anderson, Rashaud Coleman, Mark Ingram, Charles Fitzgerald, Nicholas Austin Walker, Laron Thronton, Xclusive Auto Group, LLC, Jones Pre-Owned Auto Sales, LLC, Vernell Phipps, and Nicole Phipps. ECF No. 1-2 at PageID.7, 15-25; ECF No. 1-4 at PageID.31. The case was removed on July 12, 2018. ECF No. 1.

The Defendants are comprised of three groups – the "Borrower Defendants," Randall Anderson, Rashaud Coleman, Mark Ingram, Charles Fitzgerald, and Nicholas Austin Walker, the "Wholesale Defendants" – Laron Thronton and Xclusive Auto Group (Laron Thronton is an agent of Xclusive), and the "Retail Defendants" – Nicole Phipps, Vernell Phipps, and Jones Pre-Owned Auto Sales, LLC, which is owned by Nicole Phipps. ECF No. 3 at PageID.46-47. According to Frankenmuth, Retail Defendants had a contract with Frankenmuth "wherein customers of [Retail Defendants] could finance motor vehicle purchases with [Frankenmuth] under the terms of a loan agreement." EC No. 1-2 at PageID.9. Wholesale Defendants did not have a similar loan agreement with a financial institution. Therefore, Retail Defendants explained that they had an agreement

with Wholesale Defendants that Retail Defendants would provide financing for buyers identified by Wholesale Defendants. ECF No. 3. Then Wholesale Defendants would sell the vehicle to Retail Defendants and the Borrower would purchase the vehicle from Retail Defendants with financing from Frankenmuth. *Id.* Throughout this process, the Retail Defendants claim they never saw the vehicles, but rather "relied solely on the representations of [Wholesale] and [Borrower] Defendants to understand the condition of the vehicle being sold." ECF No. 3 at PageID.49. All Defendants have been defaulted except for Retail Defendants Vernell and Nicole Phipps.

On June 13, 2019, Frankenmuth filed a motion for default judgment against the Wholesale and Borrower Defendants as to the RICO claim. ECF No. 79. On July 30, 2019, Plaintiff's motion was denied without prejudice because (1) not all parties were defaulted but joint liability was sought and (2) there was a lack of evidence regarding the requested damages and attorney fees. *Id.* On November 27, 2019, Plaintiff filed a second motion for entry of default judgment against the Borrower Defendants only. ECF No. 96. No response was filed.

**I.**

Plaintiff seeks an entry of default judgment against Defendants Anderson, Coleman, Ingram, Fitzgerald, and Walker, aka the Borrower Defendants, as to all five claims against them, Count I – fraudulent misrepresentation, Count II – innocent misrepresentation, Count III – breach of contract, Count VIII – civil conspiracy, and Count IX – RICO. ECF No. 96 at PageID.370-371.

**A.**

Federal Rule of Civil Procedure 55(b)(2) provides that upon application of the party, the court may enter a default judgment. A plaintiff seeking a default judgment from the court is "not entitled to a default judgment as of right" and a judge is "required to exercise sound judicial discretion" in deciding if default judgment is proper. 10A Charles Alan Wright & Arthur R. Miller,

Fed. Prac. & Proc. Civ. § 2685 (4th ed.). Rule 55(b)(2) further provides that a court "may conduct hearings . . . to determine the [applicable] amount of damages" or "establish the truth of any allegation by evidence."

While the well-pleaded factual allegations in the complaint are taken as true when a defendant is in default, damages are not. *Ford Motor Co.*, 441 F. Supp. 2d at 848 (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). "Ordinarily, the District Court must hold an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages]." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal quotation and citation omitted). However, Rule 55 gives the court the discretion to determine whether an evidentiary hearing is necessary, or whether to rely on detailed affidavits or documentary evidence to determine damages. *Stephenson v. El Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008); Fed. R. Civ. P., Rules and Commentary Rule 55.

**B.**

Plaintiff successfully obtained entries of default against Defendants Fitzgerald (ECF No. 90), Ingram (ECF No. 53), Walker (ECF No. 55), Anderson (ECF No. 56), and Coleman (ECF No. 25). None of the Borrower Defendants have appeared in the case except for Mr. Fitzgerald who filed a motion to set-aside his initial entry of default (ECF No. 82). After Mr. Fitzgerald filed his motion, he did not file any other pleadings and was subsequently defaulted a second time. ECF No. 90. In addition, Plaintiff submitted affidavits from Hollie Britton, the Vice President of Lending at Frankenmuth Credit Union regarding the amount owed by each Borrower Defendant on their loans.

Ms. Britton testified that Defendant Randall Anderson owes $44,436.68 in principal and $4,736.14 in unpaid interest as of November 26, 2019. ECF No. 96-1. Ms. Britton testified that

Defendant Ingram owes $10,243.36 in principal and $2,733.33 in interest as of November 26, 2019. ECF No. 96-4. Ms. Britton testified that Defendant Coleman owes $14,674.30 in principal and $4,447.14 in interests as of November 26, 2019. ECF No. 96-2. Ms. Britton testified that Mr. Fitzgerald owes $4,332.44 in principal and $1,364.16 in interest as of November 26, 2019. ECF No. 96-3. Finally, Ms. Britton testified that Mr. Walker owes $7,840.60 in principal and $3,001.73 in interest as of November 26, 2019. ECF No. 96-5.

## C.

As discussed earlier (see ECF No. 83), the Supreme Court held in *Frow v. De La Vega* "that in cases involving joint liability it is improper to enter a default judgment against some defendants when other defendants are still contesting the case on the merits." ECF No. 83 at PageID.337. Currently, Defendants Vernell and Nicole Phipps have not been defaulted as to Counts VIII and IX. However, Frow's holding does not apply in this case. "The result in *Frow* was clearly mandated by the court's desire to avoid logically inconsistent adjudications as to liability. However, when different results as to different parties are not logically inconsistent or contradictory, the rationale for the *Frow* rule is lacking." *Mashall & Illsley Tr. Co. v. Pate*, 819 F.2d 806, 812 (7th Cir. 1987) (quoting *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257–58 (7th Cir. 1980)); *U.S. ex rel. Costner v. United States*, 56 F. App'x 287, 288 (8th Cir. 2003). "The *Frow* rule is also applicable in situations where multiple defendants have closely related defenses." *Wilcox v. Raintree Inns of America, Inc.*, 1996 WL 48857 at *3 (10th Cir. Feb. 2, 1996). As explained by the D.C. Court of Appeals, "Frow stands for the narrow rule that a default judgment may not be entered against one of several defendants (1) where the theory of recovery is one of true joint liability, such that, as a matter of law, no one defendant may be liable unless all defendants are liable, or (2) where the nature of the relief demanded is such that, in order to be

effective, it must be granted against each and every defendant." *Carter v. District of Columbia*, 795 F.2d 116, 137 (DC Cir. 1986) (quoting 6 J. Moore, Moore's Federal Practice ¶ 55.06 at 55-38 to 55-39 (2d ed. 1985)).

In this case, the liability sought by Plaintiff from the Borrower Defendants is limited to the amount owing on their loans. Any liability Frankenmuth will seek from Retail Defendants does not affect the liability of the Borrower Defendants to the Credit Union. In other words, judgment against the Borrower Defendants does not affect any potential future judgment against Retail Defendants. If Nicole and Vernell Phipps, the only two defendants with non-defaulted claims, were to prevail at trial on Counts VIII and IX, it would not create a logically inconsistent verdict. Accordingly, the *Frow* rule is not applicable here. Default judgment will be entered against the Borrower Defendants on Counts I, II, III, VIII, and IX.

### III.

Plaintiff also seeks $53,000 in attorney fees and $4,748.74 in costs. The only evidence of the attorney fees is from Ms. Britton's affidavit where she states that "Plaintiff has incurred costs in this case in the amount of $4,748.74" and "Plaintiff has incurred attorneys' fees in this case in excess of $53,000." *See e.g.*, ECF No. 96-1 at PageID.381. The Sixth Circuit has explained

> The trial court's initial point of departure, when calculating reasonable attorney fees, is the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate. The reasonableness of the hours . . . is determined by considering twelve factors: (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases." *Isabel v. City of Memphis*, 404 F.3d 404, 415–16 (6th Cir. 2005) (citation

omitted); *see also Hensley v. Eckherhart*, 461 U.S. 424, 433–37 (1983); *Reed v. Rhodes*, 179 F.3d 453, 471 n.3 (6th Cir. 1999).

Plaintiff does not attempt to justify the total amount of attorney fees and costs nor does it provide an explanation that the $53,000 in attorney fees and $4,748.74 in costs are only related to Borrower Defendants and do not include work product by the attorney for the Wholesale or Retail Defendants. As such, there is insufficient information for attorney fees and costs to be awarded. Plaintiff's motion for attorney fees and costs as to the Borrower Defendants will be denied without prejudice.

**IV.**

A short summary of the status of the case to date is provided below. Borrower Defendants have been defaulted and a default judgment against them will be entered on all five counts – I, II, III, VIII, and IX.

The Wholesale Defendants have three outstanding claims pending against them, Counts VII, VIII, and IX. Entries of default against both Laron Thronton and Xclusive Auto Group, LLC have been entered.

The Retail Defendants have multiple outstanding claims. Jones Pre-Owned Auto Sales, LLC has been defaulted as to all claims. Summary judgment against it was granted on Count IV. As such, there are four claims outstanding, but defaulted, that remain against Jones Pre-Owned Auto Sales, LLC – Counts V, VI, VII, and IX. Nicole and Vernell Phipps have not been defaulted. Summary judgment has been entered against them as to Count IV. All other claims against Nicole and Vernell Phipps, Counts V, VI, VII (as to Vernell only), VIII, and IX, remain.

Motions in limine are due on or before **February 18, 2020**, pretrial disclosures are due on or before **March 10, 2020**, and trial is scheduled for **March 31, 2020**. See ECF No. 94.

## V.

Accordingly, it is hereby **ORDERED** that Plaintiff's motion for default judgment, ECF No. 96, is **GRANTED IN PART** as to default judgment and **DENIED IN PART WITHOUT PREJUDICE** as to the requested attorney fees and costs.

It is further **ORDERED** that Plaintiff's motion for default judgment, ECF No. 96, scheduled for hearing on March 4, 2020 is **CANCELLED**.

Dated: February 13, 2020                                 s/Thomas L. Ludington
                                                                         THOMAS L. LUDINGTON
                                                                         United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Charles R Fitzgerald,** 313 West Austin Ave., Flint, MI 48505 by first class U.S. mail on February 13, 2020.

                                                                         s/Kelly Winslow
                                                                         KELLY WINSLOW, Case Manager