UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRANKENMUTH CREDIT UNION,

        Plaintiff,

Case No. 18-12176
Honorable Thomas L. Ludington

v.

CHARLES FITZGERALD, et al.,

        Defendants.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO RECUSE**

In June 2018, Plaintiff, Frankenmuth Credit Union, "Frankenmuth" filed a complaint in state court alleging fraudulent misrepresentation, innocent misrepresentation, breach of contract, silent fraud, civil conspiracy, and RICO against Defendants, Randall Anderson, Rashaud Coleman, Mark Ingram, Charles Fitzgerald, Nicholas Austin Walker, Laron Thronton, Xclusive Auto Group, LLC, Jones Pre-Owned Auto Sales, LLC, Vernell Phipps, and Nicole Phipps. ECF No. 1-2 at PageID.7, 15-25; ECF No. 1-4 at PageID.31. Defendants Phipps and Jones Pre-Owned removed the case to this Court on July 12, 2018. ECF No. 1.

On May 8, 2020, Defendant Vernell Phipps mailed a motion to recuse to the Bay City Courthouse. ECF No. 125. Due to mail delays because of COVID-19 the motion was not docketed until June 23, 2020. In accordance with 20-AO-026, the clerk's office dated the motion for May 8, 2020.

Defendant includes two arguments in his motion. First,

> Defendants believe a Peremptory Removal should be granted based on the 2 Ex Parte meeting that was Granted by Judge Lundington to Frankenmuth's attorney. Based on the fact that after these meeting with 30 days he granted Summary

> Judgments against the Defendants Nicole and Vernell Phipps alone with Jones Pre-Owned Auto Sales.
> ECF No. 125 at PageID.487 [sic throughout].

Second,

> Finally Judge Lundington went on record and called this a mistake on March 17th 2020 staying it was a mistake. Also on record was the mention us the Phipps and JPO Auto Sales having a lawyer which Judge Lundington knew wasn't true based on he signed June 8th 2019. Our stand is there is no way he can be impartial Judge based on these facts of what he considers a mistake but we think and believe to be a Bias against the Defendants based on private talks between him and Frankenmuth Attorney Mr Leduc.
> *Id.* [sic throughout].

Accordingly, Defendants "respectfully request the removal of Judge Ludington based on his self claimed mistakes that has cost the Defendants Bias Judgements based on his Private Unrecorded meeting with Plaintiff Counsel." *Id.*

**I.**

Before analyzing the motion, some background on the case is necessary. The Defendants are comprised of three groups – the "Borrower Defendants," Randall Anderson, Rashaud Coleman, Mark Ingram, Charles Fitzgerald, and Nicholas Austin Walker, the "Wholesale Defendants" – Laron Thronton and Xclusive Auto Group (Laron Thronton is an agent of Xclusive), and the "Retail Defendants" – Nicole Phipps, Vernell Phipps, and Jones Pre-Owned Auto Sales, LLC, which is owned by Nicole Phipps. ECF No. 3 at PageID.46-47.

According to Frankenmuth, Retail Defendants had a contract with Frankenmuth "wherein customers of [Retail Defendants] could finance motor vehicle purchases with [Frankenmuth] under the terms of a loan agreement." EC No. 1-2 at PageID.9. Wholesale Defendants did not have a similar loan agreement with a financial institution. Therefore, Retail Defendants explained that they had an agreement with Wholesale Defendants that Retail Defendants would provide financing for buyers identified by Wholesale Defendants. ECF No. 3. Then Wholesale Defendants would

sell the vehicle to Retail Defendants and the Borrower would purchase the vehicle from Retail Defendants with financing from Frankenmuth. *Id.* Throughout this process, the Retail Defendants claim they never saw the vehicles, but rather "relied solely on the representations of [Wholesale] and [Borrower] Defendants to understand the condition of the vehicle being sold." ECF No. 3 at PageID.49. At this point in the case, all Defendants have been defaulted except for Vernell and Nicole Phipps.

When the case was removed to this Court, Defendants Nicole and Vernell Phipps and Jones Pre-Owned were represented by counsel. *See e.g.*, ECF No. 1. None of the Borrower Defendants or Wholesale Defendants are or were ever represented by counsel. Additionally, none of the Borrower Defendants or Wholesale Defendants filed a motion or appeared in court, except for Mr. Fitzgerald. ECF No. 82. However, after filing a motion to set-aside his initial entry of default (which was granted), Mr. Fitzgerald did not file any other pleadings and was subsequently defaulted a second time. ECF No. 90.

On June 8, 2019, Defendants' counsel filed a motion to withdraw explaining that "Defendants have substantially failed to meet their obligations to Counsel" and "Defendants [counsel] have been mostly unable to reach Defendants" since April 24, 2019. ECF No. 64 at PageID.266. On June 26, 2019, Defense counsel's motion was granted. In the order granting counsel's motion to withdraw the Court explained

> Defendants Vernell and Nicole Phipps and Jones Pre-Owned Auto Sales will be granted 30 days to find new counsel. After the thirty days expire, if Defendants Vernell and Nicole Phipps have not secured new counsel, the Court will assume that they intend to proceed pro se. If Jones Pre-Owned Auto Sales has not secured new counsel, they will be subject to default. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202, (1993) (noting that a corporate entity cannot appear in federal court without licensed counsel); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (noting that unrepresented corporate entities are subject to default).

ECF No. 80 at PageID.300.

On April 29, 2019, a scheduling order was issued and the final pretrial conference was set for November 6, 2019. ECF No. 63. Additionally, on November 1, 2019, Plaintiff's motion for default judgment against Jones Pre-Owned Auto Sales was set for hearing on November 6, 2019. ECF Nos. 91, 92. The alleged ex parte meeting between this Court and Plaintiff's counsel occurred on November 6, 2019. On November 12, 2019, Plaintiff's motion for entry of default judgment against Defendant Jones Pre-Owned Auto Sales, the corporate Defendant, was granted based on its failure to procure new counsel. ECF No. 93.

On November 27, 2019, Plaintiff filed a motion for partial summary judgment against Nicole and Vernell Phipps and Jones Pre-Owned Auto Sales. ECF No. 97. On December 5, 2019, Plaintiff was directed to show cause as to why proofs of service were not filed with its motion. ECF No. 101. The proofs were filed that day. ECF Nos. 103, 104, 105, 106, 112. Defendants Nicole and Vernell Phipps and Jones Pre-Owned Auto Sales never filed a response to the motion for partial summary judgment. On January 21, 2020 Plaintiff's motion for partial summary judgment for the fraudulent misrepresentation claim against Defendants Vernell Phipps, Nicole Phipps, and Jones Pre-Owned Auto Sales was granted on the merits, largely based on factual admissions made by the Phipps in pleadings filed with the Court. ECF No. 114.

On November 13, 2019 a second final pretrial conference was set for March 17, 2020. ECF No. 94. Defendants Phipps did not attend the final pretrial conference. Notice was mailed to Defendant Phipps at the address on file in CM/ECF, but it was returned as undeliverable. ECF Nos. 94, 98, 100. Local Rule 11.2 provides that "every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact

information, that person promptly must file and serve a notice with the new contact information." As of June 24, 2020, Defendants have not updated their address in CM/ECF. The November 2019 incident was discussed on the record at the March 17, 2020 hearing. ECF No. 121. The Court explained that it mistakenly believed Defendants were represented by counsel who was late in arriving to Court, not that Defendants were representing themselves.

On March 11, 2020, Defendants filed a motion to dismiss, based in part on the alleged mistaken *ex parte* meeting with Plaintiff's counsel during a status conference. ECF No. 118. The motion was denied, in part, because this Court explained its mistake and that Defendants had not identified any harm that occurred nor cited any legal authority for their motion to dismiss. ECF No. 124.

## II.

Motions to disqualify are matters committed to the sound discretion of the assigned judge. See *In re M. Ibrahim Khan, P.S.C.*, 751 F.2d 162, 165 (6th Cir. 1984). Disqualification must be predicated upon extrajudicial conduct rather than judicial conduct and allegations of bias "must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988) (internal quotes omitted).

28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In addition, the statute states a judge "shall also disqualify himself in the following circumstances,"

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>> (ii) Is acting as a lawyer in the proceeding;
>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

The Court does not possess "personal knowledge of disputed evidentiary facts concerning the proceeding" because of the meeting, nor did the meeting result in a personal bias against Defendants. In the instant motion to recuse, the only harm Defendants potentially allege is that "with[in] 30 days he granted Summary Judgments against the Defendants Nicole and Vernell Phipps alone with Jones Pre-Owned Auto Sales." ECF No. 125. As explained earlier in this order, the motion to grant Plaintiff's motion for default against Jones Pre-Owned Auto Sales was based on its lack of legal representation. Jones Pre-Owned was warned when Defense counsel's motion to withdraw was granted that it was subject to default if it did not secure new legal counsel. After Jones Pre-Owned failed to obtain new legal counsel, it was defaulted. The *ex parte* meeting had no bearing on the decision for default. As for Plaintiff's motion for partial summary judgment against Defendants Nicole and Vernell Phipps, Defendants had an opportunity to respond but did not. The motion was granted only after analyzing the elements of a Michigan fraudulent misrepresentation claim and the evidence. The evidence included factual admissions by Defendants Phipps that they did not have first-hand knowledge of the condition of the vehicles being financed by Frankenmuth Credit Union. *See* ECF No. 114.

Defendant is correct that a mistaken *ex parte* meeting occurred between Plaintiff's counsel and the Court. The Court should have confirmed who was represented and who was not before beginning the conference on a busy day. That should not have occurred. However, Defendant has failed to offer evidence of harm that has occurred or will occur as a result of the meeting. As such, his motion will be denied.

Accordingly, it is **ORDERED** that Defendant Vernell Phipps' Motion to Recuse, ECF No. 125, is **DENIED**.

Dated: June 26, 2020                                       s/Thomas L. Ludington
                                                           THOMAS L. LUDINGTON
                                                           United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to Nicole Phipps and Vernell Phipps each at 4263 Windemere Dr., Saginaw, MI 48603 by first class U.S. mail on June 26, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager